# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 2508 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Benjamin Binkley et al vs. Edwards Hospital et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motions to dismiss filed by defendants Shoba Sinha [48-1] and Riaz Baber [55-1]. Counts I and II are dismissed without prejudice. Counts XII and XIII are dismissed without prejudice against defendants Sinha and Baber. Count IV is dismissed with prejudice as to defendants Sinha and Baber.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 3/31/04 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 101 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN BINKLEY, a minor, by his parent and next best friend, REBECCA BINKLEY; and REBECCA BINKLEY, individually, ) ) ) ) | |
| Plaintiffs ) | No. 02 C 2508 |
| v. ) | |
| ) | Wayne R. Andersen |
| EDWARDS HOSPITAL d/b/a EDWARD HOSPITAL & HEALTH SERVICES, an Illinois not-for-profit corporation; CHARTER LINDEN OAKS BEHAVIORAL HEALTH SYSTEM d/b/a LINDEN OAKS HOSPITAL, an Illinois corporation; ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES; DUPAGE COUNTY HEALTH DEPARTMENT; RIAZ BABER, M.D.; BRUCE ANDERSON; SHOBA SINHA, M.D.; JENNIFER BEISNER; STEPHANIE BRENNAN; MARGARET JONES; GLORIANA ACOLATSE; and DEBBIE McEVILLY, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motions of Defendants Shoba Sinha, and Riaz Baber to dismiss Plaintiffs' First Amended Complaint. For the following reasons, the motions are granted.

### BACKGROUND

On May 13, 2003, Plaintiffs Benjamin Binkley, a minor, and Rebecca Binkley, his mother ("Plaintiffs") filed their First Amended Complaint. In this Complaint, Plaintiffs allege that on March 23, 2000, Benjamin presented to the emergency department at Linden Oaks Hospital and was examined by the on-call physician, Dr. Sinha. Dr. Sinha allegedly determined that Benjamin had an emergency medical condition and that such condition was a mental illness or emotional disturbance

of such severity that hospitalization was necessary. Benjamin was then admitted to the locked adolescent inpatient unit at Linden Oaks.

On March 24, 2000, Mrs. Binkley allegedly reported to Diana Halley, an employee of Linden Oaks, that Benjamin's health insurance would be exhausted at midnight of the tenth day of admission and that Mrs. Binkley believed Benjamin to be in need of long term residential care for his severe mental illness. Ms. Halley allegedly noted in Benjamin's medical chart Mrs. Binkley's inability to pay for an extended hospital stay for Benjamin. Plaintiffs allege that, following Ms. Halley's notation of Mrs. Binkley's inability to pay for extended medical care, all efforts to provide reasonable and necessary medical care to Benjamin by Linden Oaks ceased.

Plaintiffs further allege that Benjamin's attending physicians, Drs. Baber and Sinha, falsified Benjamin's medical record in order to make Benjamin's medical condition appear stabilized, when it was not stabilized. Throughout Benjamin's admission, Mrs. Binkley allegedly made repeated requests for transfer of Benjamin to a state operated mental health facility, but those requests were denied.

On April 5, 2000, Benjamin's attending physician, Dr. Baber, informed Mrs. Binkley that Benjamin's medical condition was stable and that Benjamin would be discharged from Linden Oaks the next day. Plaintiffs allege that, at that time, Benjamin was on suicide and assault precautions and was receiving fifteen minute checks by the staff to ensure his safety and the safety of others.

Mrs. Binkley refused to accept Benjamin for discharge on April 6, 2000 in light of her belief that he suffered from severe unstabilized mental illness. On April 7, 2000, Mrs. Binkley was notified by Paula Albright, associate general counsel for Edward Hospital, and Bruce Anderson, facility director of Linden Oaks, that if Mrs. Binkley did not accept Benjamin for discharge on that

date, Ms. Albright would notify DCFS that Mrs. Binkley was neglecting her child. Ms. Albright and Mr. Anderson allegedly also notified Mrs. Binkley that they would pursue her for the mounting medical bills.

On April 8, 2000, Margaret Jones, a DCFS investigator, allegedly determined that Mrs. Binkley was committing child abuse, child abandonment, and medical neglect of Benjamin. Mrs. Jones allegedly recommended that Benjamin be discharged from Linden Oaks and placed in jail. Stephanie Brennan, a DuPage County health department evaluator, then recommended that Benjamin have no further inpatient hospitalization and no further psychological assessment for continuing hospitalization, despite the fact that Benjamin's medical record allegedly was replete with behaviors consistent with his severe unstabilized mental illness.

On April 10, 2000, Dr. Baber discharged Benjamin from Linden Oaks. Benjamin was then taken to jail, where Plaintiffs allege that he was deprived of his right to medical care and education. Gloriana Acolatse, a DCFS case worker, recommended that Benjamin be admitted to shelter care at the Center House for Boys, following his release from jail. Plaintiffs allege that Benjamin was deprived of his right to medical care and education while at Center House for Boys.

Debbie McEvilly, a DCFS case worker, took over Benjamin's case and recommended that Benjamin remain in shelter care at the Center House for Boys, rather than obtaining the in-patient psychiatric treatment that Benjamin allegedly needed. Benjamin remained at the Center House for Boys until May 10, 2000.

On May 10, 2000, Benjamin's treating physician, Dr. Schwartz, allegedly ordered that Benjamin be admitted to Glen Oaks Hospital. On that same day, Jennifer Beisner, a DCFS evaluator, performed an evaluation of Benjamin and allegedly blocked Benjamin's admission to Glen

3

Oaks Hospital. Ms. Beisner allegedly then called the police and had Benjamin put back in jail. Benjamin then spent two weeks in jail. On May 24, 2000, Benjamin was admitted to Maryville Academy.

Count I of Plaintiffs' First Amended Complaint alleges medical malpractice against Dr. Baber. Count II alleges medical malpractice against Dr. Sinha. Count III alleges medical malpractice against Bruce Anderson. Count IV alleges a violation of the Emergency Medical Treatment and Labor Act ("AEMTALA"), 42 U.S.C. 1395dd(d)(1) against Linden Oaks Hospital, Edward Hospital, Dr. Baber, Dr. Sinha and Bruce Anderson. Count V alleges a violation of 42 U.S.C. 1983 against Stephanie Brennan. Count VI alleges a violation of 42 U.S.C. 1983 against the DuPage Health Department. Count VII alleges a violation of 42 U.S.C. 1983 against Margaret Jones. Count VIII alleges a violation of 42 U.S.C. 1983 against Gloriana Acolatse. Count IX alleges a violation of 42 U.S.C. 1983 against Debbie McEvilly. Count X alleges a violation of 42 U.S.C. 1983 against Jennifer Beisner. Count XI alleges medical malpractice against Linden Oaks Hospital. Count XII alleges civil conspiracy against all defendants. Count XIII alleges intentional infliction of emotional distress against all defendants. Count XIV requests injunctive relief against DCFS. Count XV alleges a violation of 42 U.S.C. 1983 against DCFS personnel, Margaret Jones, Gloriana Acolatse, and Debby McEvilly.

Currently before the Court are the motions to dismiss Plaintiffs' First Amended Complaint filed by Dr. Sinha and Dr. Baber.

## DISCUSSION

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court accepts as true all well pled factual allegations in the complaint and views them, along with reasonable inferences

4

to be drawn from them, in a light most favorable to Plaintiff. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993). The court must grant a motion to dismiss, however, when it appears beyond a doubt that plaintiff can provide no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

I. EMTALA Claims

In Count IV, Plaintiffs attempt to state a claim for a violation of EMTALA against Dr. Sinha and Dr. Baber. "[T]he Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd(d)(2)(A) creates a cause of action only against a participating hospital. The statutory definition of participating hospital does not encompass an individual physician." *King v. Ahrens*, 16 F.3d 265, 271 (8th Cir. 1994). Moreover, in their response briefs, Plaintiffs concede that EMTALA may not be used in a civil cause of action against an individual physician. Plaintiffs have agreed to dismiss this Count against Dr. Sinha and Dr. Baber.

For these reasons, Plaintiffs' First Amended Complaint fails to state an EMTALA claim against Dr. Sinha and Dr. Baber. Therefore, we grant Defendants Sinha's and Baber's motions to dismiss the EMTALA claims against them.

II. State Law Claims

As for the remaining supplemental state law claims filed against Dr. Sinha and Dr. Baber, a district court may decline to exercise its supplemental jurisdiction when it has disposed of all federal claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *O'Grady v. Village of Libertyville*, 304 F.3d 719, 725 (7th Cir. 2002). Having granted the motions to dismiss on the only federal claims alleged against Defendants Sinha and Baber (the EMTALA claims), we dismiss the remaining state law claims against them without prejudice.

Therefore, we dismiss without prejudice, Count I (medical malpractice) against Defendant Baber, Count II (medical malpractice) against Defendant Sinha, Count XII (civil conspiracy) against Defendants Sinha and Baber, and Count XIII (intentional infliction of emotional distress) against Defendants Sinha and Baber. However, at the time we decide the remaining pending motions to dismiss filed by the other defendants in this case, if it is determined that Plaintiffs have adequately alleged federal causes of action against other defendants, we will reconsider whether to exercise supplemental jurisdiction over the state law claims of Defendants Sinha and Baber.

## CONCLUSION

For the foregoing reasons, we grant the motions to dismiss filed by Defendants Shoba Sinha (#48-1), and Riaz Baber (# 55-1). Counts I and II are dismissed without prejudice. Counts XII and XIII are dismissed without prejudice against Defendants Sinha and Baber. Count IV is dismissed with prejudice as to Defendants Sinha and Baber.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 31, 2004